B6I (Official Form 6I) (12/07)

IN RE ROSE, CHARLES LEE & ROSE, NICOLE MARIE                    Case No. _____
                    Debtor(s)                                           (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Married | RELATIONSHIP(S): | AGE(S): |

| EMPLOYMENT | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ | $ |
| 2. Estimated monthly overtime | $ | $ |
| **3. SUBTOTAL** | $ 0.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|   a. Payroll taxes and Social Security | $ | $ |
|   b. Insurance | $ | $ |
|   c. Union dues | $ | $ |
|   d. Other (specify) | $ | $ |
| | $ | $ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ 0.00 | $ 0.00 |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ 0.00 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ 21,623.00 | $ |
| 8. Income from real property | $ | $ |
| 9. Interest and dividends | $ | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | $ |
| 11. Social Security or other government assistance (Specify) | $ | $ |
| | $ | $ |
| 12. Pension or retirement income | $ | $ |
| 13. Other monthly income (Specify) | $ | $ |
| | $ | $ |
| | $ | $ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ 21,623.00 | $ |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ 21,623.00 | $ 0.00 |

**16. COMBINED AVERAGE MONTHLY INCOME:** (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)            $ 21,623.00

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2009 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

IN RE ROSE, CHARLES LEE & ROSE, NICOLE MARIE                    Case No.
                    Debtor(s)                                                (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 17,800.00 |
|    a. Are real estate taxes included?  Yes ___  No ✓ | |
|    b. Is property insurance included?  Yes ___  No ✓ | |
| 2. Utilities: | |
|    a. Electricity and heating fuel | $ 1,200.00 |
|    b. Water and sewer | $ 500.00 |
|    c. Telephone | $ 300.00 |
|    d. Other  **SEWER** | $ 75.00 |
|            **TRASH** | $ 36.00 |
| 3. Home maintenance (repairs and upkeep) | $ 740.00 |
| 4. Food | $ 650.00 |
| 5. Clothing | $ 600.00 |
| 6. Laundry and dry cleaning | $ 85.00 |
| 7. Medical and dental expenses | $ 125.00 |
| 8. Transportation (not including car payments) | $ 325.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 700.00 |
| 10. Charitable contributions | $ 200.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|    a. Homeowner's or renter's | $ 509.00 |
|    b. Life | $ 488.00 |
|    c. Health | $ 728.00 |
|    d. Auto | $ 288.00 |
|    e. Other | $ |
| | $ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|    (Specify) **TAXES NOT DEDUCTED FROM PAYCHECK** | $ 2,500.00 |
| | $ |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | |
|    a. Auto | $ 971.00 |
|    b. Other | $ |
| | $ |
| 14. Alimony, maintenance, and support paid to others | $ |
| 15. Payments for support of additional dependents not living at your home | $ 895.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ |
| 17. Other  **HEALTH SAVING ACCOUNT** | $ 242.00 |
|        **LOAN REPAYMENT** | $ 833.00 |
| | $ |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data. | $ 30,790.00 |

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**
| | |
|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | $ 21,623.00 |
|    b. Average monthly expenses from Line 18 above | $ 30,790.00 |
|    c. Monthly net income (a. minus b.) | $ -9,167.00 |

IN RE ROSE, CHARLES LEE & ROSE, NICOLE MARIE         Case No. _____
                    Debtor(s)                                (If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___20___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **December 21, 2009**          Signature: /s/ CHARLES LEE ROSE
                                              CHARLES LEE ROSE                    Debtor

Date: **December 21, 2009**          Signature: /s/ NICOLE MARIE ROSE
                                              NICOLE MARIE ROSE              (Joint Debtor, if any)
                                              [If joint case, both spouses must sign.]

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No. (Required by 11 U.S.C. § 110.)
*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

Address

Signature of Bankruptcy Petition Preparer                                          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____          Signature: _____

                                          (Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

© 1993-2009 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

# United States Bankruptcy Court
## District of Nevada

IN RE:                                                                                           Case No.

ROSE, CHARLES LEE & ROSE, NICOLE MARIE                                   Chapter 11
                            Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

### 1. Income from employment or operation of business

☐ None  State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| -437,637.00 | 2006 INCOME |

### 2. Income other than from employment or operation of business

☑ None  State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 3. Payments to creditors
*Complete a. or b., as appropriate, and c.*

☐ None  *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| NORTHLAND GROUP FOR MACYS<br>PO BOX 390846<br>MINNEAPOLIS, MN  55439 | 8/24/09 | 2,000.00 | 0.00 |

| | | | |
|---|---|---|---|
| PHILLIPS HARPER & HARPER<br>FOR BANK OF AMERICA<br>10475 DOUBLE R BLVD<br>RENO, NV 89510 | 8/14/2009 | 6,326.40 | 0.00 |
| MUSILLI BREENAN ASSOCIATES<br>24001 GRATER MACK<br>ST CLAIR SHORES, MI 48080 | 10/2009 | 2,000.00 | 0.00 |
| ALLSTATE FINANCIAL SRVCS<br>1050 E FLMAINGO RD #E320<br>LAS VEGAS, NV 89119 | 8/15, 9/15, 10/15/09 | 15,000.00 | 35,000.00 |
| WELLS FARGO<br>PO BOX 4233<br>PORTLAND, OR 89119 | 10/20/09 | 1,339.68 | 14,683.42 |
| ANN TAYLOR | 8/13/2009 | 793.56 | 0.00 |
| CAPITAL ONE MASTERCARD | 8/25, 10/05, 10/19 | 2,168.59 | 0.00 |
| SAKS FIFTH AVENUE | 8/13/09 | 754.38 | 0.00 |
| NATN'L JACL CREDIT UNION | 8/21, 9/10, 10/10 | 2,373.00 | 32,000.00 |
| NATN'L JACL CREDIT UNION | 8/13/09 | 4,500.00 | 2,500.00 |

None ☑ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT<br>AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY<br>AND LOCATION | STATUS OR<br>DISPOSITION |
|---|---|---|---|
| SUNDANCE POOLS AND SPAS INC, A NEVADA CORP. VS CHARLES LEE ROSE AN INDIVIDUAL AND NICOLE MARIE ROSE AN INDIVIDUAL<br>CASE#" A534697 | DEFAULT JUDGEMENT | DISTRICT COURT, CLARK COUNTY, NV DEPT NO XXII | STILL OWING; PLAINTIFF HAS OBTAINED A WRIT OF EXECUTION BUT DID NOT SERVE IT. |
| SUNWORLD LANDSCAPE, LLC A NV LLC VS. CHARLES L ROSE INDIVIDUALLY, NICOLE M. ROSE INDIVIDUALLY<br>CASE#: A532640 | DEFAULT JUDGEMENT | DISTRICT COURT, CLARK COUNTY NV, DEPT NO X | STILL OWING; PLAINTIFF HAS SERVED A WRIT OF EXECUTION 8/4/07 AND 10/14/09 BOTHE SERVICES RESULTED IN A LEVIED BANK ACCOUNT. |
| ASHLEY LAW GROUP | DFAULT JUDGEMENT | UNKNOWN | THEY ARE PREPARING A WIRT OF EXECUTION |
| ALLSTATE FINANCIAL SERVICES IN. dba ALLSTATE ADJUSTMENT BUREAR V CHARLIE ROSE NICOLE WILLIAMS | CONFESSION OF JUDGEMENT | DISTRICT COURT, CLARK COUNTY NV, DEPT XXIII | PAYMENT ARRANGEMENTS WERE ESTABLISHED FOR MORE THAN WAS OWED. |

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures and returns

☐ None   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| FIRST FRANKLIN LOAN SVCS<br>PO BOX 1838<br>PITTSBURGH, PA 15230-1838 | 3/8/2008 | 377 RANCHO LA COSTA STREET, LV NV 89138 |
| AMERICAS SERVICING CO<br>PO BOX 10388<br>DES MOINES, IA 50306-0388 | 3/8/09 | 384 SANTA CANDIDA STREET LV NV 89138 |
| HOMEQ SERVICING<br>701 CORPORATE CENTER DR<br>RALEIGH, NC 27607 | 7/29/09 | 772 JOSHUA STAR CT<br>LAS VEGAS, NV 89138 |

### 6. Assignments and receiverships

☑ None   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

☑ None   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 7. Gifts

☐ None   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| CHURCH | | | $100 |

### 8. Losses

☑ None   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case or **since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 9. Payments related to debt counseling or bankruptcy

☐ None   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| DAVID J. WINTERTON & ASSOCIATES, LTD.<br>211 N. BUFFALO DRIVE, SUITE A<br>LAS VEGAS, NV 89145 | | |

### 10. Other transfers

☑ None   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☑ None   b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

☑ None  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

☐ None  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESS OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
| WELLS FARGO<br>TOWN CENTER DRIVE<br>LAS VEGAS, NY | | CASH, DOCUMRNTS | |

**13. Setoffs**

☑ None  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

☑ None  List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

☐ None  If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 772 JOSHUA STAR COURT, LAS VEGAS, NV 89138 | CHARLES & NICOLE ROSE | 4/15-8/4/08 |
| 384 SANTA CANDIDA ST., LAS VEGS, NV 89138 | CHALES & NICOLE ROSE | 10/15/06-4/15/08 |

**16. Spouses and Former Spouses**

☐ None  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME
**CONNIE SUE BROWN**

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

☑ None  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

☑ None b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

☑ None c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

### 18. Nature, location and name of business

☐ None a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| JOHN PETE PROPERTIES | 20-4618434 | 10300 W CHARLESTON BLVD,. #13-54 LAS VEGAS, NV | PROPERTY MANAGEMENT | 03/06-PRESENT |

☑ None b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

☐ None a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                     DATES SERVICES RENDERED
CHARLES L. ROSE
1660 S VALADEZ ST
LAS VEGAS, NV 89117

☑ None b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

☑ None c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

☑ None d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of the case by the debtor.

#### 20. Inventories

☑ None  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

☑ None  b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

#### 21. Current Partners, Officers, Directors and Shareholders

☐ None  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| NICOLE ROSE<br>1660 S VALADEZ ST<br>LAS VEGAS, NV 89117 | PARTNER | 50.000000 |
| CHARLES ROSE<br>1660 S VALADEZ ST<br>LAS VEGAS, NV 89117 | PARTNER | 50.000000 |

☑ None  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

#### 22. Former partners, officers, directors and shareholders

☑ None  a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

☑ None  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

#### 23. Withdrawals from a partnership or distributions by a corporation

☑ None  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

#### 24. Tax Consolidation Group

☑ None  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

#### 25. Pension Funds.

☑ None  If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **December 21, 2009**   Signature /s/ CHARLES LEE ROSE
of Debtor
                                                                                CHARLES LEE ROSE

Date: **December 21, 2009**   Signature /s/ NICOLE MARIE ROSE
of Joint Debtor
(if any)
                                                                                NICOLE MARIE ROSE

0 continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

United States Bankruptcy Court
District of Nevada

IN RE:                                                                                    Case No. _____

ROSE, CHARLES LEE & ROSE, NICOLE MARIE                     Chapter 11
                         Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) hereby verify(ies) that the attached matrix listing creditors is true to the best of my(our) knowledge.

Date: December 21, 2009     Signature: /s/ CHARLES LEE ROSE
                                       CHARLES LEE ROSE                                   Debtor

Date: December 21, 2009     Signature: /s/ NICOLE MARIE ROSE
                                       NICOLE MARIE ROSE                              Joint Debtor, if any

© 1993-2009 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

| | | |
|---|---|---|
| ROSE, CHARLES LEE<br>1660 S VALDEZ ST<br>LAS VEGAS, NV 89117 | BANK OF AMERICA<br>4161 PIEDMONT PKWY<br>GREENSBORO, NC 27410 | DEPT. OF MOTOR VEHICLES & PUBLIC SAFETY<br>RECORDS SECTION<br>555 WRIGHT WAY<br>CARSON CITY, NV 89711-0001 |
| ROSE, NICOLE MARIE<br>10300 W CHARLESTON BLVD #13-54<br>LAS VEGAS, NV 89135 | BARNEY C ALES, ESQ<br>SUNDANCE POOLS<br>4496 S PECOS RD<br>LAS VEGAS, NV 89121 | DESERT RADIOLOGIST<br>DEPT 6958<br>LOS ANGELES, CA 90084-6958 |
| DAVID J. WINTERTON & ASSOC., LTD.<br>211 N BUFFALO DR., SUITE A<br>LAS VEGAS, NV 89145 | CHARLES LOBELLOW LAW<br>RE: SUNWORLD LANDSCAPE<br>1830 E SAHARA #113 BLDG 1830<br>LAS VEGAS, NV 89104 | FIRST FRANKLIN LOAN SVCS<br>PO BOX 1838<br>PITTSBURGH, PA 15230-1838 |
| ACE PAINTING & DRYWALL<br>2125 WESTERN AVE<br>LAS VEGAS, NV 89102 | CHASE CARD MEMBER SERVICES<br>P.O. BOX 15298<br>WILMINGTON, DE 19850-5290 | IRS<br>OGDEN, UT 84201 |
| ALLIED COLLECTION<br>3080 S. DURANGO DR., STE. 20<br>LAS VEGAS, NV 89117-9194 | CITIBANK MASTERCARD<br>P.O. BOX 6077<br>SIOUX FALLS, SD 57117 | LAB CORP.<br>P.O. BOX 2240<br>BURLINGTON, NC 27216-2240 |
| ALLSTATE FINANCIAL SRVCS<br>1050 E FLMAINGO RD #E320<br>LAS VEGAS, NV 89119 | CLARK COUNTY COLLECTION SERVICE<br>6124 W. SAHARA AVE.<br>LAS VEGAS, NV 89146 | LTD FINANCIAL SERVICE<br>7322 SW FREEWAY STE.1600<br>HOUSTON, TX 77074 |
| AMERICAN MEDICAL COLLECTION AGENCY<br>2269 S SAW MILL RIVER ROAD BLVD<br>ELMSFORD, NY 10523 | COMMERICAL INVESTIGATIONS INC<br>6311 VAN NUYS BLVD, SUITE 441<br>VAN NUYS, CA 91401 | LVNV FUNDING LLC<br>C/O RESURGENT CAPTIAL SVCS<br>PO BOX 10587<br>GREENVILLE, SC 29603 |
| AMERICAS SERVICING CO<br>PO BOX 10388<br>DES MOINES, IA 50306-0388 | CREDIT BUREAU CENTRAL<br>P.O. BOX 29299<br>LAS VEGAS, NV 89126 | MI DEPT OF TREASUREY COLLECTION DIVISION<br>PO BOX 30168<br>LANSING, MI 48909 |
| ASHLEY LAW GROUP<br>1880 E WARM SPRINGS RD #130<br>LAS VEGAS, NV 89119 | CREDIT COLLECTION SVCS<br>TWO WELLS AVE, DEPT 587<br>NEWTON, MA 02459 | NATIONAL JACL CREDIT UNION<br>PO BOX 526178<br>SALT LAKE CITY, UT 84152-6178 |
| BANK OF AMERICA<br>CUSTOMER SERVICES<br>P.O. BOX 5170<br>SIMI VALLEY, CA 93062 | DAVID BERETT<br>15539 61ST AVE NE<br>KENMORE, WA 98028 | NATIONWIDE CREDIT INC<br>2015 VAUGH RD NW, STE. 400<br>KENNESAW, GA 30144-7802 |

NEVADA DEPART OF TAXATION
REVENUE DIVISION CAPITAL COMPLEX
101 N. CARSON ST., STE. 3
CARSON CITY, NV  89701-3714

TIBURON FINANCIAL LLC
REF TO: WELLS FARGO
PO BOX 770
BOYSTOWN, NE  68010


OFFICE OF U.S. TRUSTEE
300 LAS VEGAS BLVD. SO.
LAS VEGAS, NV  89101

WELLS FARGO
P.O. BOX 14411
DES MOINES, IA  50306-3411


PLUS FOUR INC
6345 S PECOS RD #212
LAS VEGAS, NV  89120

WELLS FARGO
PO BOX 10335
DES MOINES, IA  50306


POOL CHLOR
291 RICKENBACKER CIR
LIVERMORE, CA  94551-7216

WELLS FARGO FINANCIAL CARDS
P.O. BOX 98791
LAS VEGAS, NV  89193-8791


PROFESSIONAL RECOVERY
20 GREAT OAKS BLVD #240
SAN JOSE, CA  95117


QUANTUM COLLECTIONS
3224 CIVIC CENTER DR.
P.O. BOX 364389
NORTH LAS VEGAS, NV  89036-8389


REAL TIME RESOLUTIONS
PO BOX 36655
DALLAS, TX  75235


RONALD SMITH, CHIEF
IRS SPECIAL PROCEDURES
4750 W. OAKEY BLVD.
LAS VEGAS, NV  89102-1535


SOUTHWEST DESIGN GROUP
2020 W BONANZA
LAS VEGAS, NV  89106


STATE OF CALIFORNIA
FRANCHISE TAX BOARD
PO BOX 942840
SACRAMENTO, CA  94240

United States Bankruptcy Court
District of Nevada

IN RE:                                                                Case No.

ROSE, CHARLES LEE & ROSE, NICOLE MARIE                                Chapter 11
                    Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ................................................................. $   8000.00

   Prior to the filing of this statement I have received ................................................. $   8,000.00

   Balance Due ................................................................................................................ $

2. The source of the compensation paid to me was:  ☑ Debtor  ☐ Other (specify):

3. The source of compensation to be paid to me is:  ☑ Debtor  ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters~~;
   e. [Other provisions as needed]

6. By agreement with the debtor(s), the above disclosed fee does not include the following services:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

December 21, 2009                    /s/ David J. Winterton, Esq.
        Date                         David J. Winterton, Esq. 4142
                                     DAVID J. WINTERTON & ASSOC., LTD.
                                     211 N BUFFALO DR., SUITE A
                                     LAS VEGAS, NV 89145
                                     (702) 363-0317  Fax: (702) 363-1630
                                     david@davidwinterton.com